UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **VICKIE DOSS** | * | **CIVIL ACTION 14-2655** |
| **VERSUS** | * | **NO.** |
| | * | |
| | * | **JUDGE** |
| **STANDARD INSURANCE COMPANY** | * | |
| | * | **MAGISTRATE JUDGE** |
| * * * * * * * | | |

## NOTICE OF REMOVAL

**TO:**   **VICKIE DOSS**
Through her attorneys of record
Grant & Barrow
Brad J. Gegenheimer
238 Huey P. Long Avenue
P.O. Box 484
Gretna, LA 70054

**PLEASE TAKE NOTICE** that Standard Insurance Company ("Standard"), defendant in that certain proceeding entitled, "Vickie Doss v. Standard Insurance Company," No. 743130 on the docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, on November 20, 2014 filed in the United States District Court, Eastern District of Louisiana, its Notice to effect the removal of said Civil Action to the United States District Court for the Eastern District of Louisiana.

Standard respectfully represents that the grounds for the removal are as follows:

## STATEMENT OF GROUNDS FOR REMOVAL

I.

On information and belief, on October 7, 2014, a Petition for Breach of Insurance Contract ("Petition") was filed in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana bearing No. 743130 on the docket of said court which is within the Eastern District of Louisiana.

II.

The aforesaid Petition seeks "restoration" of disability benefits and future disability benefits under a policy of insurance issued by Standard "through [Plaintiff's] employer, Whitney National Bank", now known as Hancock Holding.  Petition ¶ 2 and footnote 1.  A copy of the Petition is attached hereto as Exhibit A.

III.

Standard bases this Notice of Removal on 28 U.S.C. §1441, 28 U.S.C. § 1331 and 29 U.S.C. § 1132 because Plaintiff's claim is for benefits under an employee welfare benefits plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA").

IV.

Standard was served with Plaintiff's Petition through its agent for service of process, the Louisiana Secretary of State, on October 29, 2014.  A copy of the citation and letter from Secretary of State to Standard, c/o CT Corporation System are attached hereto with Exhibit A.

**Federal Question Jurisdiction**

V.

On information and belief, as an employee of Whitney National Bank, n/k/a Hancock Holding Company, Vickie Doss was a participant in an employee welfare benefit plan sponsored by her employer for its eligible employees ("Hancock Plan"). Long term disability benefits under the Plan were funded by a group long term disability insurance policy, no. 643851-H, issued by Standard to Hancock Holding Company. See Petition ¶ 2 and Certificate and Summary Plan Description Group Long Term Disability Insurance for the Hancock Plan, attached hereto as Exhibit B.

VI.

The above-described action is one over which the United States District Court also has original jurisdiction pursuant to 29 U.S.C. § 1132 (e) and 28 U.S.C. § 1331, inasmuch as the matter involves a claim for benefits under an employee welfare benefit plan, which was established pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq*. ("ERISA"). The definition of an employee group benefit plan is set forth at 29 U.S.C. § 1002.  Section 3 of ERISA, 29 U.S.C. § 1002(3), states:

> The term 'employee benefit plan' or 'plan' means ... an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension plan.

The term "employee welfare benefit plan" is defined as:

> … any plan, fund, or program ... established or maintained by an employer ... to the extent that such plan, fund or program was established or is maintained for the purpose of

>providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death ….

*Id.* § 1002(1)

Attached hereto as Exhibit B is a copy of the Certificate and Summary Plan Descripton for the Hancock Plan. ERISA Information is contained in Exhibit B at pp. 2-3, 24-25.

VII.

ERISA preempts the state law claims contained in the Petition and provides the exclusive remedy when a plaintiff seeks to recover benefits under an employee welfare benefit plan. ERISA §§ 502(a)(1)(B) and 514, 29 U.S.C. §§ 1132(a)(1)(B) and 1144; *see Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987) and *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004). A cause of action filed in state court which is preempted by ERISA and comes within the scope of ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1) is removable to federal court under 28 U.S.C. § 1441 as an action arising under federal law, even when the ERISA-related nature of the action does not appear on the Petition's face. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) and *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004). Therefore, this court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action is being removed to the United States District Court for the Eastern District of Louisiana pursuant to the provisions of 28 U.S.C. § 1441(a) and (b).

**Procedural Requirements**

VIII.

This Notice of Removal is timely under 28 U.S.C. 1446(b) and pursuant to the Supreme Court's decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S.Ct. 1322 (1999), as it was filed within thirty days after service upon Standard of Plaintiff's Petition. Copies of all process, pleadings and orders served on Standard are being filed with this Notice of Removal.

IX.

In accordance with 28 U.S.C. §1446(d), promptly after filing this Notice of Removal, Standard will give written notice of the removal to all parties and will file a copy of this Notice of Removal with the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

Respectfully submitted,

ELKINS, P.L.C.

/s/ Jennifer M. Lawrence
VIRGINIA N. RODDY (11367)
JENNIFER M. LAWRENCE, T.A. (23829)
201 St. Charles Ave., Suite 4400
New Orleans, LA 70170
Telephone: (504) 529-3600
Telefax: (504) 529-7163

ATTORNEYS FOR STANDARD
INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 20th day of November, 2014, electronically filed a copy of the foregoing pleading with the Clerk of court, using the CM/ECF system. I will send a notice of electronic filing to counsel for the plaintiff by U.S. mail, first class postage pre-paid.

/s/Jennifer M. Lawrence
JENNIFER M. LAWRENCE (23829)
Elkins, P.L.C.
201 St. Charles Ave., Suite 4400
New Orleans, LA 70170
(504) 529-3600
(504) 529-7163
jlawrence@elkinsplc.com

ATTORNEYS FOR STANDARD INSURANCE COMPANY