
# CT Corporation

**Service of Process Transmittal**
10/31/2014
CT Log Number 525989527

TO: Holley Franklin
Standard Insurance Company
1100 S.W. Sixth Avenue, P12B
Portland, OR 97204-1093

RE: **Process Served in Louisiana**

FOR: Standard Insurance Company (Domestic State: OR)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Vickie Doss, Petitioner vs. Standard Insurance Company, Dft. |
| DOCUMENT(S) SERVED: | Letter, Citation, Petition, Verification |
| COURT/AGENCY: | 24th Judicial District Court, Parish of Jefferson, LA<br>Case # 743130 |
| NATURE OF ACTION: | Insurance Litigation - Claim for policy benefits |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Baton Rouge, LA |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 10/31/2014 postmarked on 10/30/2014 |
| JURISDICTION SERVED: | Louisiana |
| APPEARANCE OR ANSWER DUE: | Within 15 days after service |
| ATTORNEY(S) / SENDER(S): | Brad J. Gegenheimer<br>Grant & Borrow, A Professional Law Corporation<br>238 Huey P. Long Avenue<br>P.O. Box 484<br>Gretna, LA 70054<br>504-368-7888 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 10/31/2014, Expected Purge Date: 11/05/2014<br>Image SOP<br>Email Notification, Darcy Mangold dmangold@standard.com<br>Email Notification, Shelia Noland snoland@standard.com<br>Email Notification, Holley Franklin holley.franklin@standard.com<br>Email Notification, Shirley Davis Shirley.davis@standard.com<br>Email Notification, Cheryl Brinster cheryl.brinster@standard.com<br>Email Notification, Camille Tourje camille.tourje@standard.com |
| SIGNED:<br>ADDRESS:<br><br><br><br>TELEPHONE: | C T Corporation System<br>5615 Corporate Blvd<br>Suite 400B<br>Baton Rouge, LA 70808<br>225-922-4490 |

Page 1 of 1 / SA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT A



## State of Louisiana
## Secretary of State

10/30/2014

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

STANDARD INSURANCE COMPANY
C/O CT CORPORATION SYSTEM
5615 CORPORATE BLVD., STE. 400B
BATON ROUGE, LA 70808

Suit No.: 743130
24TH JUDICIAL DISTRICT COURT
JEFFERSON PARISH

VICKIE DOSS
vs
STANDARD INSURANCE COMPANY

Dear Sir/Madam:

I am enclosing citation served in regard to the above entitled proceeding. Please call the attorney that filed this document if you have any questions regarding this proceeding. If you received this document in error, please return it to the above address with a letter of explanation.

Yours very truly,

TOM SCHEDLER
Secretary of State

Served on: TOM SCHEDLER
Served by: E CUMMINS

Date: 10/29/2014
Title: DEPUTY SHERIFF

No: 951556

TG

 

(101) Citation: ISSUE PETITION FOR BREACH OF INSURANCE    141015-8227-9
CONTRACT; VERIFICATION

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

VICKIE DOSS
   versus                                       Case: 743-130   Div: "L"
STANDARD INSURANCE COMPANY                       P 1 VICKIE DOSS

To: STANDARD INSURANCE COMPANY                                      SERVED ON
THRU HON. JAY DARDENNE                                              TOM SCHEDLER
SECRETARY OF STATE                  SS CK#15315-$50.00
3851 ESSEN LANE-STATE ARCHIVES BLDG EBR CK#15317-$29.36             OCT 29 2014
BATON ROUGE LA 70809
                                                                    SECRETARY OF STATE
                                                                    COMMERCIAL DIVISION

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR BREACH OF INSURANCE CONTRACT/VERIFICATION of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR DAYS after the service hereof, under penalty of default.

This service was requested by attorney BRAD J. GEGENHEIMER and was issued by the Clerk of Court on the 15th day of October, 2014.

/s/ Patricia Ann Moore
Patricia Ann Moore, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____ SERVICE INFORMATION _____

(101) Citation: ISSUE PETITION FOR BREACH OF INSURANCE    141015-8227-9
CONTRACT; VERIFICATION

Received:_____    Served:_____    Returned:_____

Service was made:
   ___ Personal       ___ Domicilary _____

Unable to serve:
   ___ Not at this address    ___ Numerous attempts ___ times
   ___ Vacant                 ___ Received too late to serve
   ___ Moved                  ___ No longer works at this address
   ___ No such address        ___ Need apartment / building number
   ___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ # _____
                  Deputy Sheriff
Parish of:_____

TWENTY-FOURTH JUDICIAL DISTRICT COURT

PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 743130 DIVISION:

VICKIE DOSS

VERSUS

STANDARD INSURANCE COMPANY

FILED: _____    _____
DEPUTY CLERK

### PETITION FOR BREACH OF INSURANCE CONTRACT

The petition of Vickie Doss, a person of the full age of majority domiciled in the Parish of Jefferson, State of Louisiana, respectfully represents that:

1.

Made defendant herein is Standard Insurance Company (hereinafter referred to as "Standard"), a foreign insurer, authorized and licensed to do and doing business in the Parish of Jefferson, State of Louisiana, who at all times mentioned hereinafter had in full force and effect a policy of health/disability insurance insuring the petitioner Vickie Doss for the liability asserted herein.

2.

On January 1, 2006, defendant, Standard, issued a policy of insurance to petitioner through her employer, Whitney National Bank.[1] This policy was specified as and/or included a "Certificate and Summary Plan Description Group Long Term Disability Insurance" (hereinafter referred to as "policy.")[2]

3.

Petitioner was diagnosed with scoliosis several years ago, at least since 2007. She has been treating with her physician for several orthopedic problems, including difficulties associated with scoliosis, since her symptoms began. Her condition has continually worsened, eventually reaching a point where she could no longer continue to function at work.

---

[1] Whitney National Bank now operates and is also known as Hancock Holding.
[2] While this was the policy in effect when petitioner submitted her claim, upon information and belief, she had been insured under similar policies with Standard since her employer offered the option.

4.

On August 9, 2012, petitioner's treating physician, with whom she has treated for several years, opined that she could no longer continue to work due to her worsening condition and resulting pain associated with her scoliosis.

5.

Soon thereafter, petitioner submitted a claim with defendant, Standard, for disability benefits under the policy. Defendant, Standard, began making the appropriate payments that same month under its short-term disability provisions. On February 4, 2013, those benefits converted to Standard's long-term disability benefits, as per the provisions contained in said policy.

6.

Petitioner's condition has not improved.

7.

On July 17, 2013, defendant, Standard, notified petitioner that it would conduct an investigation to determine if her disability was caused by a "limited condition" as defined in said policy.

8.

While the policy does list certain conditions, defined as "Other Limited Conditions", that will not be covered after twelve months, the policy further lists certain conditions that will not be considered "Other Limited Conditions." Among those that will not be considered "Other Limited Conditions" is scoliosis.

9.

On January 15, 2014, defendant, Standard, notified petitioner that it was terminating her long-term disability benefits. Defendant admitted that a diagnosis of scoliosis was "considered a non-limited condition." However, in an attempt to expand its limited conditions, it asserted that petitioner's scoliosis was "degenerative, not idiopathic...."

10.

Nowhere in the policy issued to petitioner is there a qualification that scoliosis would be excluded if found to be degenerative.

11.

Petitioner timely appealed Standard's decision.

12.

On June 25, 2014, defendant, Standard, denied petitioner's appeal.

13.

As of the date she initially submitted her claim for disability benefits, petitioner is entitled to a certain percentage of her salary less the disability benefits her employer paid as outlined in the policy. However, defendant continues to deny those benefits asserting the same reasoning that degenerative scoliosis would be excluded under its coverage, contrary to the verbiage of the policy.

14.

Petitioner avers that defendant, Standard's, decision to suspend and/or terminate payment of petitioner's disability benefits and denial of the appeal was erroneous, unreasonable, contrary to the medical facts known to them at all times herein, contrary to the evidence, and contrary to the express provisions of the policy of insurance in effect herein. These and other actions of the defendant in the conduct of the suspension and/or termination of benefits are such that they rise to the level of being arbitrary and capricious, and certainly are without just cause.

15.

Petitioner avers that she has performed all conditions of the policy on the insured's part to be performed, and, in accordance with the terms of the policy, has given the defendant due and timely notice and proof of loss of her physical condition and required treatment therefor.

16.

Petitioner avers that the defendant has breached its fiduciary duty to the petitioner, has failed to negotiate and conduct this claim in good faith, has denied this claim, has denied the appeal and has failed to tender petitioner what is owed under the policy, all without good cause, despite adequate proof of loss. All of these actions of the defendant are in bad faith, and all are in direct violation of applicable Louisiana law and statutes.

17.

Petitioner avers that she is entitled to the full restoration of benefits due to her from the time that benefits were suspended and/or terminated through the present date and future benefits

for the duration of her disability, all in addition thereto any damages as were occasioned by the defendant's actions herein.

18.

Petitioner further avers that as per the provisions of LSA-R.S. 22:657, she is entitled to recover from the defendant, in addition to the full restoration of benefits as well as any other amounts due, including costs and legal interest thereon, penalties of double the amount of the unpaid claim, all costs of this action, and attorney's fees in an amount to be determined by the court.

19.

Petitioner prays for a trial by jury.

WHEREFORE, petitioner, Vickie Doss, prays that defendant, Standard Insurance Company, be served with a certified copy of this petition and cited to appear and answer same and that, after due proceedings are had, there be judgment in favor of the petitioner, Vickie Doss, and against the defendant, Standard Insurance Company, for all amounts due and damages as are reasonable in these premises, including legal interest from the date of the filing of the claim herein, penalties, all costs of this action, and attorney's fees in an amount to be determined by the court, and for all general and equitable relief.

Respectfully submitted,

GRANT & BARROW
A Professional Law Corporation

BY: _____
BRAD J. GEGENHEIMER (#27475)
Attorney for Petitioner
238 Huey P. Long Avenue
P. O. Box 484
Gretna, Louisiana 70054
Telephone: (504) 368-7888
Telecopier: (504) 368-7263

PLEASE SERVE:

STANDARD INSURANCE COMPANY
Through its agent for service of process:
HON. JAY DARDENNE
Secretary of State
3851 Essen Lane – State Archives Building
Baton Rouge, Louisiana 70809

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.

TWENTY-FOURTH JUDICIAL DISTRICT COURT

PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.:                                                        DIVISION: " "

VICKIE DOSS

VERSUS

STANDARD INSURANCE COMPANY

FILED: _____              _____
                                                                            DEPUTY CLERK

## VERIFICATION

BEFORE ME, the undersigned authority, personally came and appeared:

VICKIE DOSS,

who after being duly sworn, did depose and say that she is the petitioner in the above and foregoing matter and has read the allegations contained in the Petition and that all of the facts contained therein are true and correct to the best of her knowledge, information, and belief.

_____
VICKIE DOSS

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 2nd DAY
OF OCTOBER, 2014.

_____
NOTARY PUBLIC

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.